CRUZ, DEMANDANTE Y APELANTE, *v.* SOTO MAYOR ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre indemnización de daños
y perjuicios.

No. 2501.—Resuelto en julio 12, 1923.

DAÑOS Y PERJUICIOS—NEGLIGENCIA DIRECTA—NEGLIGENCIA CONTRIBUTORIA—*Trespasser.*—Probado que el demandante sufrió daños como consecuencia de la negligencia próxima de los agentes de A y de la negligencia contributoria del agente de B, dueño del *truck* en que iba montado el demandante, éste puede recobrar de A, aunque hubiera sido intruso (*trespasser*) por no estar autorizado para ir en el *truck* de B.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. C. Jusino.*

Abogados de los apelados: *Sres. M. Tous Soto* y *Oller & Rodríguez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Un *truck* o camión, propiedad de Juan Soto Mayor, fué volcado mientras trataba de pasar a un tren de carros de bueyes perteneciente a Domingo Luiña. El demandante que iba montado en el *truck* sufrió varias lesiones además de la fractura de una pierna como consecuencia del accidente y estableció demanda por daños y perjuicios contra ambos Luiña y Soto Mayor.

La corte de distrito, después de celebrar un juicio sobre los méritos del caso declaró sin lugar la demanda con costas a favor del demandado, fundada en los siguientes hechos declarados probados:

"Que el demandante Enrique Cruz Rodríguez, allá el día 20 de febrero de 1920, después de terminado el trabajo para que había sido contratado, y que hizo en una finca de la propiedad del demandado Juan Soto Mayor, sin estar autorizado para ello, se montó en un *truck* del demandado que transportaba cañas a la Central Juanita; que una vez que hubo descargado dicho *truck,* el demandante volvió a montarse en él sin autorización del dueño o del *chauf-*

*feur;* que al regresar de la Central Juanita el *truck,* por negligencia del *chauffeur* que lo conducía y en momentos en que tenía que prestar toda su atención para ir bien pegado a su derecha, a fin de dejar suficiente paso a los carros de bueyes que venían por la misma carretera y en dirección contraria, se distrajo, lo que motivó que el *truck* se le fuera a la cuneta, volcando y cogiendo debajo del *truck* al demandante que venía sentado en el lado derecho del carro y con las piernas colgando.

"Resulta que el demandante era un intruso, no estaba autorizado para subir al *truck,* y por tanto no es aplicable a los demandados lo dispuesto en el artículo 1804 del Código Civil."

Para los fines de esta opinión puede aceptarse que el demandante era un intruso (*trespasser*) al ir montado en el *truck.* Aunque la prueba es amplia para sostener una conclusión contraria, existe algún conflicto en la misma sobre este punto y ningún error tan manifiesto que requiera la revocación de la sentencia.

Sin embargo, no podemos convenir con el hecho declarado probado por la corte de que el accidente fué debido a la negligencia del *chauffeur* si con esto la corte quiso declarar probado que los carreteros que conducían los carros de bueyes estaban libres de culpa. Pero el juez sentenciador no dice que la negligencia del *chauffeur* fué la única y exclusiva causa del accidente. Por otra parte no existe ninguna conclusión directa sobre la cuestión de negligencia de los carreteros; y el segundo párrafo de la opinión a que acabamos de hacer referencia parece proporcionar la clave a la teoría de la corte inferior en la declaración que hace de que porque el demandante era un intruso (*trespasser*) el artículo 1804 del Código Civil no es aplicable "a los demandados" en este caso. Considerando esta manifestación en relación con el hecho de no considerarse en absoluto la cuestión de negligencia por parte de los carreteros, la inferencia lógica es que habiendo llegado a la conclusión el juez de distrito de que el demandante era un transgresor en el *truck,* asu-

mía simplemente que este hecho relevaba de toda responsabilidad a ambos demandados.

Un examen cuidadoso de toda la prueba sirve para robustecer más esta conclusión. Los autos revelan por una clara preponderancia de prueba que la negligencia, de existir alguna, por parte del *chauffeur,* fué concurrente y contributoria únicamente, y que la causa primaria y próxima del accidente fué la negligencia de uno o más de los carreteros.

El artículo 22 de "La Ley de Conservación y Policía de Carreteras en la Isla de Puerto Rico", etc., aprobada en marzo 10 de 1902, prescribe que "todo conductor de carros tirados por bueyes deberá caminar siempre en frente de los bueyes cuando transita por caminos públicos."

El *chauffeur* del *truck* había pasado sin dificultad alguna a los dos o tres primeros carros antes de que el accidente ocurriera. El carretero del tercero o cuarto carro estaba montado en el carro, o en la lanza del mismo, detrás de los bueyes. Al acercarse el camión él hincó al buey más próximo, según parece con el objeto de echarlo más a la derecha y dejar más espacio al camión. Esta actitud por parte del carretero hizo que el buey sacara su cuerpo fuera atravesándose en la carretera, y el *chauffeur* del *truck,* con el fin de evitar causarle daño al buey, se desvió hacia la derecha, yendo a parar a la cuneta.

El capataz a cargo del tren de carros de bueyes declara que los carreteros iban todos a pie en frente de los bueyes y que el *chauffeur* no estaba prestando debida atención al camino delante. Hay, quizás, alguna otra prueba en el mismo sentido, pero la segunda de las dos proposiciones envueltas es incompatible con el hecho de que el *chauffeur* del camión ya había pasado a dos o tres carros en un camino estrecho. La explicación lógica del accidente, en ausencia de una verdadera colisión (y los demandados insisten vigorosamente en que no hubo verdadera colisión), es la que dan práctica-

mente todos los testigos oculares en la forma en que ha sido reseñado. Por lo menos, uno de estos testigos que, según parece, era un márshal o alguacil de la corte de Bayamón, que pasaba en el momento en asuntos oficiales, no tenía, al parecer, ningún interés en el asunto.

Ni la negligencia contributoria, de existir alguna, por parte del *chauffeur*, ni la mera circunstancia de haber sido el demandante un intruso en el *truck*, puede ser bastante para relevar al demandado Luiña de responsabilidad por la negligencia de sus empleados.

"Para que una persona pueda quedar exenta de responsabilidad por el fundamento de que la persona perjudicada es un transgresor (trespasser), el sitio donde ocurre el accidente debe pertenecer a la persona de cuya negligencia se queja. 29 Cyc. 443.

La Corte Suprema de Ohio, en el caso de *Cincinnati Street Ry. Co.* v. *Wright*, 43 N. E. 688, 691, después de citar con alguna amplitud de una opinión emitida por el Juez Asociado, Sr. Field, en el caso de *Little* v. *Hackett*, 116 U. S. 366, se expresa en estos términos:

"Creemos que esto coloca la doctrina de negligencia contributoria sobre una base sólida. Para que pueda ella producir el efecto de anular una acción en cobro de daños y perjuicios, debe haber algún acto u omisión de la parte misma, o de alguien con respecto al cual se encontraba ella en la relación de principal o superior. 1 Shear & R. Neg. 66. El que dirige un vehículo privado en el cual otra persona puede ir montada sin el conocimiento del conductor, en manera alguna es un sirviente o agente del segundo. La relación de la persona que de tal modo va montada en el vehículo puede ser la de un transgresor (trespasser) con respecto al dueño de dicho vehículo, o hasta en cuanto al conductor pero ella no es en ningún sentido de la palabra el principal o superior de dicho conductor. Ni es tampoco el acto de tal naturaleza que debido al mismo deba negarse a dicha persona un remedio por las lesiones sufridas debido a la negligencia de otra.

"En el presente caso el finado, aun cuando estuviera montado en el carro o vagón en la calle de Cincinnati sin el conocimiento

del conductor, no infringió por ello ningún deber que tuviera para con la Compañía del Tranvía. Era una cuestión que le afectaba a él mismo por un lado y al dueño o conductor del vehículo por otra parte. Si el segundo tenía algunos verdaderos motivos de queja o no, no era cosa que incumbía a la compañía de trenes. * * * La base de su responsabilidad es su misma conducta ilegal y en en tal caso hemos visto que el único medio de eludir la consecuencia de esta conducta ilegal es mediante algún acto contributivo ilegal u omisión por parte de la persona misma perjudicada, o de alguien con el cual se encontraba en relación de principal o superior; y esa relación no se establece por el simple acto de subirse a un vehículo privado sin el conocimiento del conductor."

Toda vez que el juez sentenciador no consideró en absoluto, ni la cuestión de negligencia por parte de los carreteros o la cuantía de los daños, de existir algunos, que habían de ser pagados por Luiña, la mayoría de esta Corte es de opinión que el caso debe ser devuelto a la corte inferior para ulteriores procedimientos. Aunque la necesidad para tomarse tal acción no resulta aparente al juez que suscribe, la cuestión está claramente dentro de la discreción de la corte y una mera diferencia de opinión sobre este punto no constituye fundamento de disidencia.

En vista del serio conflicto en la prueba respecto a si el demandante era o no un transgresor en el *truck,* y la conclusión a que llegó la corte inferior en favor del demandante en cuanto a la alegada negligencia del *chauffeur,* no creemos que el demandante debe ser condenado en costas.

La sentencia apelada debe, por tanto, ser modificada en tanto afecta al demandado Sotomayor, a fin de que se ordene que cada parte pague sus costas, y así modificada, confirmada; y en cuanto al demandado Luiña, revocada, debiendo devolverse el caso a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.

*Revocada en parte modificándose y confirmada en los demás particulares.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.