GONZALO VÉLEZ Y FRANCISCA GARCÍA, demandantes y apelantes, *v.* JUAN FONT, demandado y apelado.

No. 3496.—*Visto:* Noviembre 12, 1925. *Resuelto:* Abril 14, 1926.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LAS PRUEBAS.—En el caso de autos, el recurso se basó únicamente en la errónea apreciación de la prueba. Examinadas las alegaciones, las pruebas y los alegatos, *se resolvió:* que siendo la prueba de los demandantes deficiente en sí misma y tendiendo la del demandado no sólo a demostrar que el accidente fué sin su culpa sino a desacreditar el testimonio más importante del demandante, no podía llegarse a otra conclusión que a la de confirmar la sentencia apelada.

2. NEGLIGENCIA—CAUSA PRÓXIMA DEL DAÑO—CAUSA QUE LO PRODUCE—CHAUFFEUR NO AUTORIZADO PARA GUIAR VEHÍCULOS PESADOS DE MOTOR—RELACIÓN CAUSAL ENTRE LA OMISIÓN Y EL DAÑO.—El que el *chauffeur* del demandado no estuviera autorizado para guiar automóviles de carga no lo hace responsable del daño causado cuando se demuestra que el daño no se debió a impericia alguna por su parte, tanto más cuando, como en este caso, se prueba que el *chauffeur* estaba autorizado para guiar automóviles de pasajeros y de hecho había guiado automóviles de carga de varias marcas.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*Bolívar Pagán,* abogado de los apelantes; *Fernando B. Fornaris,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Los demandantes en su carácter de padres de Nicolás Vélez establecieron demanda contra Juan Font alegando que su hijo fué arrollado y muerto por un automóvil de carga

del demandado guiado por su empleado Santiago Seijo que no estaba autorizado legalmente para ello, yendo el automóvil a gran velocidad, por el lado izquierdo de la carretera, sin las luces de ley y sin tomar las precauciones debidas.

Negó el demandado las alegaciones de la demanda que le perjudicaban y a su vez alegó que su automóvil marchó cumpliendo con todos los requisitos de ley, que especifica, y a nadie arrolló. Y alegó además que si el hijo de los demandantes se ocasionó la muerte al caer del estribo del *truck* del demandado, la muerte se debió a su propia negligencia habiendo actuado como un intruso, sin permiso, consentimiento, ni conocimiento del demandado.

Fué el pleito a juicio y la corte finalmente dictó sentencia declarando la demanda sin lugar. De su opinión y sentencia transcribimos lo que sigue:

"Estudiada detenidamente la prueba aportada, creemos que ella no sostiene las alegaciones de la demanda y que por el contrario, tiende a demostrar que si en realidad la muerte de dicho Nicolás Vélez hubiera sido ocasionada por el truck del demandado, él actuó de todos modos negligentemente y contribuyó en tal grado al accidente que pueden considerarse exentos de responsabilidad, los empleados del demandado."

No conformes los demandantes apelaron. Su recurso se basa únicamente en la errónea apreciación de la prueba por parte del juez sentenciador.

Hemos examinado cuidadosamente las alegaciones, las pruebas y los alegatos y creemos que no puede llegarse a otra conclusión que no sea la de confirmar la sentencia apelada.

La prueba de los demandantes fué deficiente en sí misma. Nada aclara con respecto a las heridas recibidas por Vélez: cómo pudieron ser causadas, si por una caída, o por un choque, o por un arrollamiento; nada dice en relación con las huellas que pudiera haber dejado el automóvil o sobre el estado en que éste se encontrara después del accidente. Y la prueba aportada por el demandado no sólo tiende a

explicar la ocurrencia en forma tal que si sucedió lo fué sin culpa en absoluto para él, pues si corriendo su automóvil trató de alcanzarlo el hijo de los demandantes por su propia voluntad, sin invitación ni consentimiento, ni siquiera conocimiento del demandado, y al subir cayó y se ocasionó la muerte, de nada es responsable el demandado, si que tiende además a desacreditar el testimonio del testigo más importante del demandante, Sostre, al sostener que no se encontraba en el sitio de la ocurrencia.

[2] El único de los motivos de negligencia alegados que quedó comprobado fué el de que el *chauffeur* del demandado no estaba autorizado para guiar automóviles de carga, pero ya esta corte ha resuelto que "la mera omisión del conductor de un automóvil de tener la licencia estatutoria al matar con un carro a un viandante en el camino no le hará responsable por el daño causado, a menos que dicha omisión tuviera alguna relación con la causa de la muerte." *Maldonado* v. *Hamilton,* 32 D.P.R. 224. Además, aquí quedó comprobado que si bien el *chauffeur* no tenía una licencia específica para manejar automóviles de carga, la tenía para manejar automóviles de pasajeros habiendo practicado cuatro años y de hecho manejado automóviles de carga de diferentes marcas.

La cita del caso de *Cruz* v. *Sotomayor,* 32 D.P.R. 189, no es aplicable. Los hechos son distintos.

*Debe confirmarse la sentencia recurrida.*